**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **WENZHENG XIE,** | § | |
| **Petitioner,** | § | |
| **v.** | § | **NO. SA-26-CV-5518-OLG** |
| **MIGUEL VERGARA *et al.*,** | § | |
| **Respondents.** | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Wenzheng Xie's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1), to which Respondents have responded (Dkt. No. 4). For the reasons below, the Petition must be denied.

## I. BACKGROUND

Based on the record, Petitioner is a citizen of China who entered the United States without inspection on June 26, 2026. *See* Dkt. Nos. 1 at 5–6; 4 at 4. He was apprehended immediately and later placed into full removal proceedings after receiving a positive credible fear determination. *See* Dkt. Nos. 1 at 5–6; 4 at 4; 4-1. Petitioner is currently detained pursuant to 8 U.S.C. § 1225(b) pending the conclusion of his full removal proceedings. He initiated this action on August 26, 2026, seeking an order compelling his release or requiring a bond hearing on the grounds that he may not be mandatorily detained consistent with his right to due process. *See* Dkt. No. 1 at 10–11.

## II. JURISDICTION

District courts have jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c).

The INA does not strip the Court of jurisdiction over the instant challenge to detention. *See, e.g.*, *Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Dkt. No. 13 at 2–4 (W.D. Tex. Dec.

15, 2025) (addressing and rejecting the applicability of 8 U.S.C. §§ 1252(g), 1252(b)(9), 1225(b)(4) in context of challenges to mandatory detention). Nor would Petitioner's failure to exhaust administrative remedies, as the exhaustion requirement in the immigration detention context is likely prudential rather than jurisdictional. *Calderon Lopez v. Lyons*, 814 F. Supp. 3d 733, 737 n.1 2026 WL 44683, at *1 n.1 (N.D. Tex. Jan. 7, 2026) (citing 8 U.S.C. § 1252(d)(1)). And "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (citation modified); *see Calderon Lopez*, 814 F. Supp. 3d at 737 n.1 (finding that exhaustion—i.e., an appeal to the BIA—would be "an exercise in futility" and therefore was not required); *Petgrave v. Aleman*, 529 F. Supp. 3d 665, 672 & n.14 (S.D. Tex. 2021) (finding that administrative exhaustion would be futile where constitutional challenge to detention procedures are raised); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 680–81 (W.D. Tex. 2025) (explaining that requiring petitioner to wait for a ruling on an appeal to the BIA would "exacerbate his alleged constitutional injury—detention without a bond hearing"); *Hernandez-Fernandez v. Lyons*, No. 25-CV-773-JKP, 2025 WL 2976923, at *6–7 (W.D. Tex. Oct. 21, 2025) (same).

## III. DISCUSSION

Petitioner challenges his detention under the Due Process Clause of the Fifth Amendment. As the petitioner, he bears the burden of proving that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025) (quoting 28 U.S.C. § 2241(c)(3)). "[B]ecause the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* at 696–97 (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). "A court

considering a habeas petition must 'determine the facts . . . and dispose of the matter as law and justice require.'" *Id.* at 697 (quoting 28 U.S.C. § 2243). Petitioner argues that his continued detention without a meaningful custody determination violates his due process rights. *See* Dkt. No. 1 at 10–11. Because Petitioner has been detained since his arrival in the United States, the Court cannot agree.

Although noncitizens "who have established connections in this country have due process rights in deportation proceedings, the [Supreme] Court long ago held that . . . an alien at the threshold of initial entry cannot claim any greater rights under the Due Process Clause." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020); *see Ochoa v. Vergara*, --- F. Supp. 3d. ---, 2026 WL 482211, at *2 (W.D. Tex. Feb. 20, 2026) (finding that noncitizen who had lived in the U.S. for over a year prior to his detention was "entitled to due process of the law under the Fifth Amendment" (citing *Trump v. J. G. G.*, 604 U.S. 670, 673 (2025))); *see also Marceau v. Noem*, No. 26-CV-237-KC, 2026 WL 368953, at *1 (W.D. Tex. Feb. 9, 2026) ("[A] person may obtain a liberty interest through their presence in the country, particularly where that presence is with the express permission of the Government." (citing *Lopez-Arevelo*, 801 F. Supp. 3d at 685–86)).

Because Petitioner has been detained since the inception of his arrival in the United States, the Court cannot find that he has a constitutionally protected liberty interest in residing freely within the United States despite his status as an applicant for admission. *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Th[e Supreme] Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative."); *Sanchez*, 2026 WL 596133, at *12 (finding that petitioner had a cognizable interest in residing freely within the United States

during his full removal proceedings where he had lived in the United States since 1996 and had developed "longstanding" ties to the community); *see also Bonilla Chicas v. Warden*, --- F. Supp. 3d. ---, 2026 WL 539475, at *7 (S.D. Tex. Feb. 20, 2026) (same, but where petitioner had lived in the United States for 10 years "with the express permission of DHS while he was subject to supervise release pending the conclusion of his removal proceedings").

Once Petitioner is subject to an administratively final order of removal, however, the duration of his detention will be subject to a due-process-based limitation in that his post-removal-period detention may last no longer than "reasonably necessary to bring about his removal." *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (quoting *Zadvydas*, 533 U.S. at 689). That is so because "post-removal-period detention, unlike detention pending a determination of removability . . . , has no obvious termination point." *Zadvydas*, 533 U.S. at 697.

## IV. CONCLUSION

Based on the foregoing, Petitioner Wenzheng Xie's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1) must be and hereby is **DENIED**.

This Order is a **FINAL JUDGMENT**, and the Clerk is directed to **CLOSE** this case upon its entry.

It is so **ORDERED**.

**SIGNED** on September 9, 2026.

ORLANDO L. GARCIA
United States District Judge